RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

YAEL BORTNICK
YEN JEANNETTE TRAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-6632 (Bortnick)
202-616-3366 (Tran)
202-307-0054 (fax)
Yael.Bortnick@usdoj.gov
Y.Jeannette.Tran@usdoj.gov

Of Counsel:
BRYAN SCHRODER
United States Attorney

*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>ACTION SECURITY, INC. and SCOTT HENKE,<br><br>   Defendants. | Case No.<br><br>**UNITED STATES' COMPLAINT FOR PERMANENT INJUNCTION** |

The United States of America ("United States"), by and through its undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1. The United States brings this civil action to enjoin defendants Action Security,

United States' Complaint     1
(Case No. )

Inc. ("Action Security") and Scott Henke ("Mr. Henke") from continuing to pay wages to employees without paying the associated federal employment taxes.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402(a).

3. Venue is proper in the District of Alaska pursuant to 28 U.S.C. §§ 1391 and 1396 because Mr. Henke resides in this judicial district, because Action Security operates within this judicial district, and because a substantial part of the events or omissions giving rise to the United States' claim occurred, and continue to occur, within this judicial district.

## DEFENDANTS

4. Action Security is an Alaska corporation that was incorporated on or about November 25, 1974, and is a business that provides locksmith and security services. Action Security was administratively dissolved on or around October 1, 2016. However, upon information and belief, Action Security continues to operate and has employees to whom it pays wages.

5. Mr. Henke is and has been the sole owner, director, president, secretary, shareholder, and treasurer of Action Security since Action Security's incorporation through the present. Mr. Henke resides in Anchorage, Alaska, which is within the jurisdiction of the Court.

## FACTS

6. At all times since its formation, Action Security has had employees to whom it pays wages. As an employer, Action Security is subject to the federal employment tax obligations imposed by the Internal Revenue Code, including the duties to:

a. withhold federal income and the employee portion of Federal Insurance Contributions Act (FICA) and Medicare taxes from its employees' wages, *see* 26 U.S.C. §§ 3102 and 3402;

b. pay over to the Internal Revenue Service ("IRS") the amounts withheld from its employees' wages, along with the employer's own FICA and Medicare taxes (collectively, "employment taxes"), *see id*. §§ 3111(a), (b), and 3403;

c. make periodic deposits of its employment taxes in an appropriate federal depository bank in accordance with the federal deposit regulations, *see id*., at 6302; 26 C.F.R. §§ 31.6302-14, 31.6302(c)-3;

d. report its employment taxes and file a Form 941 (Employer's Quarterly Federal Tax Return) to the IRS on a quarterly basis, along with any unpaid employment tax balance not already deposited, *see* 26 U.S.C. § 6011; 26 C.F.R. § 31.6071(a)-1;

e. pay over to the IRS Federal Unemployment Tax Act (FUTA) taxes ("unemployment taxes"), *see* 26 U.S.C. § 3301;

f. report its unemployment taxes and file a Form 940 (Employer's Annual Federal Unemployment Tax Return) to the IRS on an annual basis, *see* 26 U.S.C. § 6011; 26 C.F.R. § 31.6011(a)-3.

7. For various tax periods from December 31, 2014 to the present, defendants have failed to comply with their federal employment and unemployment tax obligations described in paragraph 6 above and have engaged in an activity known as "pyramiding," whereby a business repeatedly withholds taxes from its employees' wages but fails to remit those taxes to the IRS as mandated by law, resulting in an ever-increasing unpaid tax liability.

United States' Complaint     3
(Case No. )

Case 3:19-cv-00134-HRH   Document 1   Filed 05/13/19   Page 3 of 12

8. Action Security has made no federal tax deposits since October 16, 2015.

9. Action Security last voluntarily filed a Form 941 on July 31, 2015. Action Security also has unfiled Forms 1120 (Corporate Income Tax Return) and Forms 940.

10. Due to Action Security's failure to make deposits and pay taxes as required, a duly authorized delegate of the Secretary of the Treasury conducted an investigation, prepared substitute returns, and timely assessed federal employment taxes, penalties, and interest against Action Security, in accordance with 26 U.S.C. § 6020(b). Action Security currently owes the following assessed employment taxes (Forms 941):

| TYPE OF TAX | TAX PERIOD | ASSESSMENT DATE | UNPAID BALANCE[1] |
|---|---|---|---|
| 941 | December 31, 2014 | June 15, 2015 | $4,572.98 |
| 941 | September 30, 2015 | September 19, 2016 | $92,647.31 |
| 941 | December 31, 2015 | September 19, 2016 | $166,714.40 |
| 941 | March 31, 2016 | September 19, 2016 | $156,116.72 |
| 941 | June 30, 2016 | December 18, 2017 | $76,952.81 |
| 941 | September 30, 2016 | December 18, 2017 | $61,214.83 |
| 941 | December 31, 2016 | December 18, 2017 | $123,986.56 |
| 941 | March 31, 2017 | December 18, 2017 | $134,097.19 |
| 941 | June 30, 2017 | April 30, 2018 | $143,134.52 |
| 941 | September 30, 2017 | April 30, 2018 | $154,628.37 |
| 941 | December 31, 2017 | October 22, 2018 | $152,453.50 |
| 941 | March 31, 2018 | October 22, 2018 | $153,311.3 |
| 941 | June 30, 2018 | October 22, 2018 | $90,557.86 |
| | | **TOTAL:** | **$1,510,388.36** |

11. Defendants' noncompliance with the federal employment tax obligations for Action Security has resulted in a total amount due (including accrued interest and penalties) on the liabilities described in paragraph 10, above, of $1,510,388.36 as of May 15, 2019, plus such

---

[1] This amount includes the balance owed for any taxes and penalties assessed and any accrued interest as of May 15, 2019 for each respective period.

United States' Complaint 4
(Case No. )

additional amounts as may continue to accrue as provided by law. This amount due does not include any tax liabilities owed for Forms 940 or 1120.

12. Since as early as 2016, the IRS has attempted to bring Action Security into compliance with its federal employment and unemployment tax obligations and to collect past-due tax liabilities from Action Security, including by:

    a. Speaking with Mr. Henke on numerous occasions about Action Security's payroll tax obligations and advising Mr. Henke on how to bring Action Security into compliance with its current employment tax obligations;

    b. Recording multiple Notices of Federal Tax Liens against Action Security between June 13, 2016 and March 27, 2019;

    c. Serving Notices of Intent to Levy and levying on Action Security's bank accounts and credit card merchant account;

    d. Assessing trust fund recovery penalties, under 26 U.S.C. § 6672, against Mr. Henke for multiple quarterly periods, making Mr. Henke personally liable for the portion of Action Security's unpaid employment taxes withheld from the wages of its employees; and

    e. Delivering an IRS Letter 903 and Notice 931 to Action Security and Mr. Henke on October 12, 2017, which placed Action Security on notice that if it continued to fail to comply with its employment tax obligations, then the IRS might pursue a suit for civil injunction.

13. Despite these collection efforts by the IRS, Action Security continues to incur additional liabilities with each passing quarter and has not demonstrated a willingness to comply with its obligations under the Internal Revenue Code. There is no evidence that Action Security

United States' Complaint      5
(Case No. )

or Mr. Henke will make the necessary effort to become compliant, absent a court order compelling them to do so.

### COUNT I: INJUNCTION PURSUANT TO 26 U.S.C. § 7402(a)

14. The United States incorporates by reference the allegations in Paragraphs 1 through 13 above.

15. The United States seeks an injunction against Action Security and Mr. Henke pursuant to 26 U.S.C. § 7402(a), which authorizes this Court to issue orders of injunction "as may be necessary or appropriate for the enforcement of the internal revenue laws." The remedies available to the United States under that statute "are in addition to and not exclusive of any and all other remedies." 26 U.S.C. § 7402(a).

16. An injunction by this Court ordering Action Security and Mr. Henke to comply with Action Security's federal tax obligations is necessary and appropriate for enforcement of the internal revenue laws and to prevent continued violations of those laws.

17. Action Security and Mr. Henke have substantially interfered with, and continue to interfere with, the internal revenue laws, by failing to collect and pay over to the IRS Action Security's employment and unemployment tax obligations; failing to make employment tax deposits timely and in full; and failing to timely file employment and unemployment tax returns.

18. Action Security has made no federal tax deposits since October 16, 2015, and balances remain for all periods described above. For the majority of the quarters and tax years at issue, Action Security did not make any payments and the IRS did not collect any tax.

19. The United States has suffered and continues to suffer irreparable harm as a result of Action Security and Mr. Henke's interference with federal tax administration and violation of federal tax statutes, including but not limited to loss of tax revenue, including the loss of the

employees' FICA and income taxes for which Action Security's employees have already received credit from the IRS and the Social Security Administration, and the drain on limited IRS resources due to the IRS's extensive attempts to bring Action Security and Mr. Henke into compliance.

20. An injunction, backed by the threat of coercive judicial sanctions for noncompliance, will compel defendants to comply with the tax laws by timely filing tax returns and paying employment and unemployment taxes timely and in full. An injunction will not injure Action Security or Mr. Henke but will merely compel Action Security to conduct its business like every other tax-paying employer in the United States.

21. An injunction will serve the public good. The federal tax system relies upon employers to collect and remit to the United States the federal employment taxes they owe. The defendants' failure to make employment tax deposits and to pay over employment taxes undermines this system of tax collection. By using the unpaid taxes for their own purposes, defendants are exacting an involuntary subsidy from United States taxpayers and are also giving their business an unfair competitive advantage over their law-abiding competitors who comply with their federal tax obligations.

22. Despite repeated attempts over many years, the IRS has been unable to prevent Action Security and Mr. Henke from pyramiding employment tax liabilities. The United States lacks an adequate remedy at law to prevent continued pyramiding by Action Security and Mr. Henke. A money judgment for existing unpaid tax liabilities cannot prevent Action Security and Mr. Henke from continuing to accrue new unpaid liabilities.

**WHEREFORE**, the United States respectfully requests that the Court:

United States' Complaint  7
(Case No. )

A. Find that Action Security and Mr. Henke have engaged in, and are engaging in, conduct that interferes with the enforcement of the internal revenue laws;

B. Find that injunctive relief under 26 U.S.C. § 7402(a) and the Court's inherent equity powers is appropriate and necessary to prevent Action Security and Mr. Henke from interfering with the enforcement of the internal revenue laws;

C. Enter an injunction, pursuant to 26 U.S.C. § 7402(a), Fed. R. Civ. P. 65, and the Court's inherent equity powers, ordering that:

    i. Action Security shall, and Mr. Henke shall cause Action Security and any other employer entity that they control to, withhold from each employee's paycheck an appropriate amount of income tax and the employee portion of FICA and Medicare taxes;

    ii. Action Security shall, and Mr. Henke shall cause Action Security and any other employer entity that they control to, timely deposit withheld employee taxes, and employer FICA and Medicare taxes in an appropriate federal depository bank in accordance with federal deposit regulations;

    iii. Action Security shall, and Mr. Henke shall cause Action Security and any other employer entity that they control to, timely deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with federal deposit regulations;

    iv. Action Security and Mr. Henke shall sign and deliver to a designated IRS Revenue Officer, or to such specific location as the IRS may deem appropriate, on the first day of each month, an affidavit stating that the

required federal income taxes, FICA and Medicare taxes, and FUTA taxes were fully and timely deposited for each pay period during the prior month;

v. Action Security shall, and Mr. Henke shall cause Action Security and any other employer entity that they control to, timely file Form 941 employment tax returns and Form 940 unemployment tax returns that come due after the date of the injunction, and Mr. Henke shall provide a copy of each filed return to a designated IRS Revenue Officer in such manner as the IRS deems appropriate, within five days of filing;

vi. Action Security shall, and Mr. Henke shall cause Action Security and any other employer entity that they control to, timely pay all required outstanding liabilities due on each return required to be filed under the Court's injunction order;

vii. Action Security and Mr. Henke are enjoined from paying other creditors of Action Security or from transferring, disbursing, or assigning any money, property, or assets of Action Security after the date of the injunction order until after such time as the required deposits described in paragraphs C-ii and C-iii, and any liabilities described in paragraph C-vi, have been paid in full, for any tax period ending after the injunction is issued;

viii. Action Security and Mr. Henke are enjoined from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of Action Security's employees, except for a commercial payroll services provider approved in advance by counsel for the United States;

ix. Action Security and Mr. Henke shall permit a representative from the IRS to inspect Action Security's books and records periodically, with two business days' notice of each inspection;

x. For the five-year period beginning on the date the injunction order is entered, Mr. Henke shall notify, in writing, such Revenue Officer as the IRS designates, if Mr. Henke comes to form, incorporate, own, or work in a managerial capacity for another business entity, within five business days of such event. Regardless of such notification, the preceding subparagraphs of this paragraph C shall apply to any employer entity controlled by Mr. Henke.

D. Require Action Security and Mr. Henke to deliver to all of their current employees a copy of the Court's findings and injunction, within 30 days of the date of the injunction order;

E. Retain jurisdiction over this case for a five-year period to ensure compliance with this injunction, including authorizing the United States to take post-judgment discovery to ensure compliance;

F. Order that, if Mr. Henke or Action Security violate any term of this injunction, then counsel for the United States shall send Defendants written notice of the violation, and Defendants shall have 10 days after notification is sent to cure the violation;

i. A "cure" for the violation includes making a late tax deposit and all accruals on such tax; paying delinquent tax shown on a return and all accruals on such tax; filing a delinquent tax return; and providing a delinquent notification to the designated IRS Revenue Officer.

ii. If counsel for the United States has sent Defendants three separate written

    notifications for three separate violations, then counsel for the United States shall no longer be obligated to send written notification of a violation.

  iii.  If any violation is not cured within ten days of notification or if, after the third notification followed by cures, the United States becomes aware of a new violation by Mr. Henke or Action Security, then the United States shall be entitled to file with this Court a motion for an Order to Show Cause why Mr. Henke and Action Security should not be held in contempt of the injunction; and why Action Security should not be ordered to cease doing business immediately; and why Mr. Henke should not be permanently enjoined from forming, incorporating, or owning another or a successor business entity and from working for any business in any capacity that includes any responsibility for withholding, accounting for, or paying over employment taxes or for filing employment tax returns.

G. Granting the United States such other and further relief as the Court deems just and proper, including costs and attorneys' fees.

 Respectfully submitted this 13th day of May, 2019.

              RICHARD E. ZUCKERMAN
              Principal Deputy Assistant Attorney General

              */s/ Yael Bortnick*
              YAEL BORTNICK
              YEN JEANNETTE TRAN
              Trial Attorney, Tax Division
              U.S. Department of Justice
              P.O. Box 683
              Washington, D.C. 20044
              202-514-6632 (Bortnick)
              202-616-3366 (Tran)
              202-307-0054 (fax)

Yael.Bortnick@usdoj.gov
Y.Jeannette.Tran@usdoj.gov

Of Counsel:
BRYAN SCHRODER
United States Attorney

*Attorneys for the United States of America*

United States' Complaint     12
(Case No. )