IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>ACTION SECURITY, INC., and SCOTT HENKE,<br><br>　　　　　　　　Defendants. | Case No. 3:19-cv-00134-JMK-KFR<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Before the Court at Docket 40 is Plaintiff United States of America's ("United States") *Motion for Sanctions to Dissolve Action Security*. Post-judgment proceedings, including this motion, were referred to the Honorable United States Magistrate Judge Kyle F. Reardon at Docket 61. Judge Reardon issued his Report and Recommendation at Docket 91, and recommended this Court grant the United States' motion. Defendants Action Security, Inc. ("Action Security"), and Scott Henke objected to the Report and Recommendation at Docket 94.

Having reviewed the Report and Recommendation, Defendants' Objection, Plaintiffs' Reply, and the record, the Court **ADOPTS** the Report and Recommendation at Docket 91.

## I. BACKGROUND

In 2019, the United States filed this suit against Action Security, a locksmith and security services business, and its owner, Scott Henke, alleging that, since 2014, they failed to comply with federal employment and unemployment tax obligations owed as an employer.[1] The Complaint sought to enjoin Defendants from continuing to pay wages to Action Security employees without also paying federal employment taxes.[2] Although the United States properly served Defendants, they did not file an Answer or otherwise appear.[3] Accordingly, the United States moved for entry of default, which the Clerk duly entered, and, later, moved for a default judgment.[4] However, before the Court could rule on the default judgment, the parties filed a Stipulation for Entry of Permanent Injunction and the United States withdrew its Motion for a Default Judgment.[5]

The Court issued a Judgment and Permanent Injunction against Defendants on September 25, 2019, which included detailed terms, and retained jurisdiction for a five-year period to ensure that the parties complied.[6] Over a year later, in October 2020, the United States moved for an Order to Show Cause, alleging that Defendants had violated the terms of the Court's injunction.[7] After Defendants failed to timely respond or appear for a show cause hearing, the Court found that Defendants failed to comply with the injunction in six ways, held them in contempt of court, and appointed a receiver to ensure

---

[1] *See generally* Docket 1.
[2] *Id.* at 6–7.
[3] Docket 8; Docket 9 (text entry).
[4] Docket 12; Docket 13; Docket 14; Docket 15; Docket 16.
[5] Docket 17; Docket 18.
[6] Docket 19.
[7] Docket 20.

*United States v. Action Security, Inc., et al.*      Case No. 3:19-cv-00134-JMK-KFR
Order Adopting Report and Recommendation      Page 2

Case 3:19-cv-00134-JMK-KFR  Document 97  Filed 03/20/24  Page 2 of 10

Defendants' compliance with the injunction.[8] The Receiver, Lisa Fink, filed three status reports, which documented Defendants' non-compliance with the injunction and refusal to work with her.[9] In her third report, Ms. Fink gave notice of her resignation due to Defendants' refusal to communicate with her or her team as required by the Court.[10]

During the receivership, the United States moved the Court to hold Defendants in contempt of its injunction and receivership orders and to dissolve Action Security.[11] Judge Reardon held an evidentiary hearing on this motion on February 28 and March 1, 2023.[12] Judge Reardon then issued a Report and Recommendation recommending that the Court grant the United States' motion; enter a permanent injunction against Defendants; require that Defendants cease accepting new clients within 30 days, cease operating within 120 days, and conspicuously display notice of the injunction at Action Security's entrance; preclude Mr. Henke from directly or indirectly owning, controlling, managing, operating, or serving as an officer or director of any business for a specified period; and order Mr. Henke be incarcerated for one or more days if he violates the injunction, with periods of incarceration increasing for successive violations based on the serious of those violations.[13] Defendants filed the objection at Docket 94.[14]

---

[8] Docket 36; Docket 37.
[9] Docket 39; Docket 48; Docket 73.
[10] Docket 73.
[11] Docket 40.
[12] Docket 65.
[13] Docket 91.
[14] Docket 94.

*United States v. Action Security, Inc., et al.*      Case No. 3:19-cv-00134-JMK-KFR
Order Adopting Report and Recommendation      Page 3
Case 3:19-cv-00134-JMK-KFR    Document 97    Filed 03/20/24    Page 3 of 10

## II. LEGAL STANDARD

A district court must consider timely objections to a magistrate judge's report and recommendation and set aside any part of the order that clearly is erroneous or is contrary to law.[15] The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[16] "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[17]

## III. DISCUSSION

Defendants object to Judge Reardon's Report and Recommendation, which recommends that the Court grant the United States' *Motion for Sanctions to Dissolve Defendant Action Security*.[18] They protest that the injunctive relief he recommends exceeds the scope of injunctive relief in similar cases, damages the public, and improperly punishes Mr. Henke.[19] In response, the United States asserts that Defendants do not properly present objections and instead rehash arguments that Judge Reardon considered and rejected.[20] Further, the United States argues that Defendants did not operate a lawful

---

[15] Fed. R. Civ. P. 72(a); Fed. R. Civ. P. 72(b).
[16] 28 U.S.C. § 636(b)(1); *but see* United States v. Ramos, 65 F.4th 427, 434 (9th Cir. 2023) (articulating that "the district court ha[s] no obligation to provide individualized analysis of each objection.").
[17] 28 U.S.C. § 636(b)(1).
[18] Docket 91 at 1–2.
[19] Docket 94 at 1.
[20] Docket 95 at 1–2.

*United States v. Action Security, Inc., et al.*              Case No. 3:19-cv-00134-JMK-KFR
Order Adopting Report and Recommendation              Page 4

Case 3:19-cv-00134-JMK-KFR    Document 97    Filed 03/20/24    Page 4 of 10

business, that their conduct justifies the relief requested, and that Judge Reardon's recommendation is supported by law, among other things.[21]

A. The Relief Recommended is Supported by Case Law

Defendants insist that the cases Judge Reardon relied upon are inapt, and the injunctive relief recommended inappropriate because they are not engaged in an unlawful business.[22] The United States replies that Defendants do not operate a lawful business, as they have failed to obey federal tax law since 2014.[23]

Defendants' business does not operate lawfully. As Judge Reardon exhaustively documented, and Defendants do not contest, they have failed to comply with federal tax law, as well as this Court's orders, for years. While Defendants identify a factual difference between the cases upon which Judge Reardon relied, which involve businesses whose services are themselves illegal, and this matter, which involves unlawful business practices, they do not specify why this distinction is material.[24] In this Court's view, Defendants' repeated violations of tax federal law are sufficiently similar to the violations of law in the cases Judge Rearden cites to render those cases persuasive authority.

Moreover, even assuming the cases Judge Rearden cited were factually distinguishable from the present matter, it would be of no moment, as Judge Rearden correctly applied the standard for permanent injunctions upon which those cases relied.

---

[21] *Id.* at 2–6.
[22] Docket 94 at 2–4.
[23] Docket 95 at 2.
[24] See *United States v. Harkins*, 355 F. Supp. 2d 1175, 1181 (D. Or. 2004); *United States v. Raymond*, 228 F.3d 804, 814 (7th Cir. 2000).

United States v. Action Security, Inc., et al.　　　　　　　　　　Case No. 3:19-cv-00134-JMK-KFR
Order Adopting Report and Recommendation　　　　　　　　　　　　　　　　　　　　　Page 5
Case 3:19-cv-00134-JMK-KFR　Document 97　Filed 03/20/24　Page 5 of 10

District courts may impose injunctions when they determine, in their discretion, a defendant is reasonably likely to violate internal revenue laws again and are guided by five factors.[25] Judge Rearden carefully applied this five-factor analysis and concluded all five factors weighed in favor of an injunction.[26] Judge Rearden also weighed the traditional equitable factors for a permanent injunction and concluded all four weighed in favor of an injunction as well.[27] Given Judge Rearden's extensive, fact-bound analysis, the purported distinctions between this case and others do not provide a persuasive basis to second guess Judge Rearden's recommendation.

Additionally, Defendants point out that, in past cases, injunctions have been limited to enjoin future unlawful business practices.[28] And they suggest that "less severe remedies" should have been considered and that there is no evidence that Defendants are continuing to fail to withhold and pay payroll taxes.[29]

Judge Rearden expressly considered the extraordinary nature of the remedy and addressed the propriety of other sanctions.[30] The Court's prior injunction enjoined Defendants from engaging in future unlawful activity in detailed terms.[31] Nonetheless, Defendants violated the injunction, and refused to work with the Receiver appointed to ensure their compliance. As a result, Judge Rearden saw no feasible lesser remedy than

---

[25] *Harkins*, 355 F. Supp. 2d at 1180–81 (citing *United States v. Raymond*, 228 F.3d 804, 813 (7th Cir. 2000)).
[26] Docket 91 at 28–41.
[27] *Id.* at 41–42.
[28] Docket 94 at 3–4.
[29] *Id.* at 6–7.
[30] Docket 91 at 43–47.
[31] Docket 19.

United States v. Action Security, Inc., et al.  Case No. 3:19-cv-00134-JMK-KFR
Order Adopting Report and Recommendation  Page 6
Case 3:19-cv-00134-JMK-KFR  Document 97  Filed 03/20/24  Page 6 of 10

the recommended injunction.[32] And, although Defendants insist that they are not currently violating federal law, their repeated refusal to follow tax law and this Court's orders, as well as their failure to recognize their own culpability, supports the conclusion that future violations are likely.

**B.    The Public Interest in Recommended Relief Outweighs its Impacts on Defendants' Creditors**

Without citation, Defendants assert that the Report and Recommendation "side-steps" normal bankruptcy rules, improperly prejudices other creditors, and harms current consumers, vendors, and Action Security's landlord.[33] The United States responds that the public interest in enforcing tax law outweighs these interests in the injunction analysis and that the injunction does not "side-step" the bankruptcy code.[34]

In his Report and Recommendation, Judge Rearden considered the traditional factors for a permanent injunction, including whether "the public interest would not be disserved by a permanent injunction."[35] The Court reviews this analysis de novo. As Judge Rearden discussed, "[p]ermanent injunctive relief advances the significant public interest in collecting and recovering tax obligations, or, in this case, imposing appropriate sanctions where Defendants have flagrantly disregarded their duty to address these obligations."[36] This Court agrees and further concludes that, in the public interest analysis, the interest in enforcing federal tax law outweighs the impacts to Defendants' creditors,

---

[32] Docket 91 at 43–47.
[33] Docket 94 at 5.
[34] Docket 95 at 8–9.
[35] *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); Docket 91 at 41–42.
[36] Docket 91 at 41–42.

*United States v. Action Security, Inc., et al.*                                              Case No. 3:19-cv-00134-JMK-KFR
Order Adopting Report and Recommendation                                                                          Page 7
Case 3:19-cv-00134-JMK-KFR   Document 97   Filed 03/20/24   Page 7 of 10

consumers, and landlord. Furthermore, permanent injunctive relief does not side-step the bankruptcy process. First, there is no bankruptcy process to speak of. And, second, even if a bankruptcy process were underway, it would not allow other creditors to receive payment as Defendants could not discharge their tax debts.[37]

**C.     The Relief Recommended is Not Improperly Punitive**

Next, Defendants object that Judge Rearden's recommended injunction is improperly punitive.[38] They further argue that there is no basis for the Court to conclude the injunction is warranted to prevent future violations, as there is no evidence that they have failed to withhold and pay payroll taxes since March 2022.[39] The United States responds that the injunction is warranted to prevent future violations.[40] And it clarifies that the Receiver reported Defendants' September 2022 failure to withhold and pay taxes and that the Receiver could not determine whether Defendants had done so thereafter, as Mr. Henke refused to give the Receiver access to the system they used to deposit payroll taxes.[41]

As Judge Rearden's Report and Recommendation makes clear, the recommended injunction does not serve to punish Defendants, but rather to ensure that they do not violate the law in the future. The Report and Recommendation documents evidence that demonstrates a likelihood of future violations, including Defendants' nearly $2 million in unpaid taxes, their past conduct of knowingly and continuous violating federal tax law

---

[37] *See* 11 U.S.C. § 523(a)(1).
[38] Docket 94 at 6.
[39] *Id.*
[40] Docket 95 at 4.
[41] *Id.* at 3 (citing Docket 48-1 at 1).

*United States v. Action Security, Inc., et al.*  Case No. 3:19-cv-00134-JMK-KFR
Order Adopting Report and Recommendation  Page 8

Case 3:19-cv-00134-JMK-KFR   Document 97   Filed 03/20/24   Page 8 of 10

(despite numerous warnings), their refusal to comply with this Court's orders, and their refusal to acknowledge the illegality of their conduct.[42] Furthermore, Defendants' assertion that they have not violated the law since March 2022 is untrue, as the Receiver recorded violations months later, in September 2022.[43] And even if the Court considered that there have been no proven violations since September 2022, it also would need to consider the fact that this lack of evidence is attributable to Defendants' refusal to work with the Receiver, in violation of this Court's order.[44] This Court concludes that the recommended permanent injunction is warranted to prevent likely, future violations of law and is not improperly punitive.

### D. Defendants have Waived Their Argument Regarding Constitutionality

Defendants charge that Judge Reardon's recommendation would "unconstitutionally violate Scott Henke's right to engage in gainful, lawful employment."[45] This single phrase constitutes the entirety of their discussion of the constitutionality of the recommended relief. Accordingly, the Court will treat this argument as waived.[46]

### IV. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation at Docket 91. It will enter a permanent injunction that requires

---

[42] Docket 91 at 40.
[43] *See* Docket 48-1 at 1–2.
[44] Docket 48 at 1.
[45] Docket 94 at 2.
[46] *E.g., Maldonado v. Morales*, 556 F.3d 1037, 1048 n.4 (9th Cir. 2009) (arguments made in passing and inadequately briefed are waived); *see also Ramos*, 65 F.4th at 434 (articulating that "the district court ha[s] no obligation to provide individualized analysis of each objection.").

*United States v. Action Security, Inc., et al.*      Case No. 3:19-cv-00134-JMK-KFR
Order Adopting Report and Recommendation      Page 9
Case 3:19-cv-00134-JMK-KFR  Document 97  Filed 03/20/24  Page 9 of 10

Defendants to cease accepting new clients within 30 days, cease operating within 120 days, and conspicuously display at Action Security's entrance notice of the injunction; that precludes Mr. Henke from directly or indirectly owning, controlling, managing, operating, or serving as an officer or director of any business until the earlier of (1) his successful petition for relief if certain conditions are met after one year from the injunction; or (2) ten (10) years; and requires that Mr. Henke be incarcerated for one or more days if he violates the injunction, with periods of incarceration increasing for successive violations, based on the seriousness of those violations.

IT IS SO ORDERED this 20th day of March 2024, at Anchorage, Alaska.

                                              */s/ Joshua M. Kindred*
                                              JOSHUA M. KINDRED
                                              United States District Judge

*United States v. Action Security, Inc., et al.*                                             Case No. 3:19-cv-00134-JMK-KFR
Order Adopting Report and Recommendation                                            Page 10
Case 3:19-cv-00134-JMK-KFR    Document 97    Filed 03/20/24    Page 10 of 10