IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ACTION SECURITY, INC., and SCOTT HENKE,<br><br>　　　　　　Defendants. | Case No. 3:19-cv-00134-JMK-KFR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART RECONSIDERATION** |

At Docket 99, Defendants Action Security, Inc. ("Action Security"), and Scott Henke (collectively "Defendants") move for reconsideration of the Court's Order Adopting the Report and Recommendation. As explained below, Defendants' *Motion for Reconsideration* is **GRANTED IN PART AND DENIED IN PART**.

Reconsideration requires "showing of . . . manifest error of the law or fact; discovery of new material facts not previously available; or intervening change in the law."[1] Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources."[2] "[A] party must show more than a disagreement with the Court's decision, and recapitulation of the cases and

---

[1] D. Alaska Loc. Civ. R. 7.3(h)(1).
[2] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quotations omitted).

arguments considered by the court before rendering its original decision fails to carry the moving party's burden."[3] Additionally, the three circumstances enumerated in Local Rule 7.3(h)(1) "are the sole grounds for granting a motion for reconsideration; such a motion 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'"[4]

Defendants seek reconsideration of the Court's Order on two bases. First, they argue that evidence that accompanies their motion demonstrates that they have withheld and paid payroll taxes since May 2022.[5] In their view, this evidence contradicts the Court's finding to the contrary and its conclusion that a permanent injunction is necessary to ensure that Defendants do not violate federal tax law in the future.[6] Further, in a footnote, they insist that requiring Mr. Henke post notice of the Court's injunction at his business that includes language that indicates his defiance of Court orders and refusal to pay taxes is improperly punitive.[7]

As discussed, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."[8] Defendants acknowledge in their motion that the evidence supporting Mr. Henke's withholding and payment of payroll taxes in May 2022 was not

---

[3] *Blakney v. Prasad*, No. 3:18-cv-00098-TMB, 2019 WL 3253961, at *1 (D. Alaska July 19, 2019) (internal quotations and citations omitted).
[4] *Id.* (quoting *Carroll*, 342 F.3d at 945).
[5] Docket 99 at 1–2.
[6] *Id.* at 2.
[7] *Id.* at 3 n.3.
[8] *Carroll*, 342 F.3d at 945.

*United States v. Action Security, Inc., et al.*   Case No. 3:19-cv-00134-JMK
Order Granting in Part and Denying in Part Reconsideration   Page 2
Case 3:19-cv-00134-JMK-KFR   Document 101   Filed 04/17/24   Page 2 of 4

previously provided to the Court.[9] Magistrate Judge Reardon's Report and Recommendation clearly identified Defendants' tax avoidance as one of multiple factors supporting an injunction.[10] Defendants had ample notice and opportunity to demonstrate Mr. Henke's compliance with appropriate evidence in their objections. Accordingly, Defendants reasonably could have presented this evidence earlier in this action and reconsideration is not appropriate.

Furthermore, the Court's conclusion that Defendants are likely to violate federal law in the future did not rely solely on its finding that they had not withheld and paid payroll taxes in May 2022. Indeed, the Court noted that the Report and Recommendation included "evidence that demonstrates a likelihood of future violations, including Defendants' nearly $2 million in unpaid taxes, their past conduct of knowingly and continuous violating federal tax law (despite numerous warnings), their refusal to comply with this Court's orders, and their refusal to acknowledge the illegality of their conduct."[11] Even if the Court considered Defendants' compliance with federal law in May 2022, the evidence overwhelmingly supports the Court's conclusion that Defendants are likely to violate the law in the future and a permanent injunction is required.

With respect to Defendants' argument that the language of the injunction is improperly punitive, the Court concludes that a portion of the language included in the

---

[9] Docket 99 at 2 n.1. N.B. Defendants' footnote includes a typographical error. However, given the context, the Court understands Defendants to indicate that they had not previously provided this evidence.
[10] Docket 91 at 39–41.
[11] Docket 97 at 8–9.

*United States v. Action Security, Inc., et al.*     Case No. 3:19-cv-00134-JMK
Order Granting in Part and Denying in Part Reconsideration     Page 3

Case 3:19-cv-00134-JMK-KFR    Document 101    Filed 04/17/24    Page 3 of 4

injunction is unnecessary. The Court notes that Defendants waived this argument as they failed to raise the issue in their Objections to the Report and Recommendation, which specified the language of the injunction.[12] Moreover, defendants routinely are required to post copies of injunctions at their places of business, even though those injunctions include findings that they have violated the law or court orders.[13] Nonetheless, requiring Defendants to post a copy of the injunction as well as a second, duplicative notice that contains specific language is unnecessary. Therefore, the Court will enter an amended injunction and require that Defendants post only a copy of the amended injunction at their place of business.

    IT IS SO ORDERED this 17th day of April, 2024, at Anchorage, Alaska.

                                                */s/ Joshua M. Kindred*
                                                JOSHUA M. KINDRED
                                                United States District Judge

---

[12] *See* Docket 91 at 48.
[13] *See, e.g., United States v. Williams*, No. 219CV1736JFWPLAX, 2019 WL 3837958 (C.D. Cal. July 23, 2019); *United States v. Rubio*, No. C21-1054-JCC, 2021 WL 4556327 (W.D. Wash. Sept. 2, 2021); *United States v. Schiff*, 379 F.3d 621, 625 (9th Cir. 2004).

*United States v. Action Security, Inc., et al.*                             Case No. 3:19-cv-00134-JMK
Order Granting in Part and Denying in Part Reconsideration             Page 4
Case 3:19-cv-00134-JMK-KFR    Document 101    Filed 04/17/24    Page 4 of 4